FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
January 12, 2024
Lucy H.Carrillo, Clerk of Court

CLARE E. CONNORS # 7936
United States Attorney
District of Hawaii

MOHAMMAD KHATIB
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: Mohammad.Khatib@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CR. NO. 23-00101-HG |
|---|---|
| Plaintiff, | ) STIPULATED PROTECTIVE ORDER |
| vs. | ) |
| KALANA LIMKIN, | ) |
| Defendant. | ) |

STIPULATED PROTECTIVE ORDER

The United States of America, by and through its counsel of record, the United States Attorney for the District of Hawaii and Assistant United States Attorney Mohammad Khatib, and the above named defendant, by and through his below listed counsel of record, hereby stipulate and agree that good cause exists for a protective order governing the discovery in this case and request that the Court enter a protective order, in accordance with Rule 16(d)(1) of the Federal Rules of Criminal Procedure, as set forth below:

1. The defendant is charged in the Indictment with possession of child pornography. Under the United States' theory of the case, the defendant possessed that contraband in connection with his alleged involvement in online racially motivated violent extremist groups targeting children.

2. Over the course of the investigation of this case, the United States has acquired voluminous records from internet/telecommunication service providers and social media companies, including but not limited to, records obtained from Meta, Discord, Snapchat, Google, Verizon and Charter Communications. These and other records are permeated with the names, telephone numbers, e-mail addresses, internet protocol addresses and other personal information of numerous minors. Some of the minors are alleged victims while others may be aiders and abettors of the alleged offense. Further, much of this information is contained in the form of Microsoft Excel spreadsheets, which must be produced in native format in order to

be intelligible.

3.  Accordingly, discovery in this case is voluminous and includes a large amount of personal identifying information ("PII") relating to minors.

4.  Ordinarily, the United States redacts such sensitive information in a manner consistent with the spirit of Federal Rule of Criminal Procedure 49.1 before providing those items in discovery materials.[1] In this case, however, the PII of minors may be relevant to the defendant's preparation of his case.

5.  To balance the defendant's rights with the legitimate privacy interests of minors, the parties agree to a protective order:

   a.  Permitting the United States to disclose discovery to defense counsel in unredacted form. Such materials will be designated "CONFIDENTIAL;" and

   b.  Requiring defense counsel:

      i.  To use the CONFIDENTIAL material *only* as necessary to prepare and present his or her client's defense;

      ii. Not to leave unredacted CONFIDENTIAL material in the

---

[1] While Rule 49.1 addresses electronic or paper filings with the court, the undersigned AUSA attempts to comply with the spirit of that Rule whenever information becomes "public" by leaving the control of the United States. However, the undersigned AUSA seeks protective orders where ordinary redaction practice might interfere with opposing counsel's ability to represent their clients or when the volume or format of the material makes redaction impractical.

3

      control or custody of the defendant *or* of any person who is not a professional member of the defense team (e.g., attorneys, investigators, paralegals, legal assistants, and expert witnesses); and

    iii. To collect and return to the United States *all* copies of CONFIDENTIAL material at the conclusion of the litigation in this case.

6. Any notes or records of any kind that defense counsel or any other recipient may make relating to the CONFIDENTIAL material provided by the United States shall not be disclosed to anyone other than as set forth above in paragraph 5(b).

7. This Order does not prevent or limit the disclosure of any discovery materials in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action.  However, CONFIDENTIAL material pertinent to any motion before the Court should be filed under seal.

8. The parties agree that entry of such a protective order in this case will permit the United States to produce expeditiously the discovery materials while protecting minors.  It will also afford the defense prompt and needed access to those materials, which will facilitate the preparation of the defense.

9. Prior to providing or disclosing any of the CONFIDENTAIL material

to any authorized recipient, defense counsel shall provide a copy of this Order to each authorized recipient and shall advise each authorized recipient that at the conclusion of this case, the CONFIDENTIAL material must be returned to defense counsel.  All authorized individuals and entities receiving CONFIDENTIAL material from defense counsel shall be subject to this Order and shall not further disclose the CONFIDENTIAL material or their contents except as permitted by this Order or any further order of this Court.

10. All materials produced by the United States in preparation for or in conjunction with any stage of the proceedings in this case, including but not limited to grand jury transcripts, agency reports, witness statements, memoranda of interview, and any documents provided by the United States, excluding trial exhibits, remain the property of the United States.  Within 30 days following the later of sentencing, conclusion of any post-conviction motion (appeal or motion pursuant to 28 U.S.C. § 2255), or an earlier resolution of the charge(s) against the defendants, all such materials and all copies made thereof shall be returned to the United States without further order of Court or destroyed by defense counsel.

11. Any successor defense counsel shall be subject to this Protective Order.

12. Violation of this Protective Order may result in the imposition of sanctions.

13. Accordingly, the parties respectfully request that the Court approve and enter this Stipulated Protective Order.

IT IS SO STIPULATED.

Dated: January 12, 2024, at Honolulu, Hawaii.

Respectfully submitted,

CLARE E. CONNORS
United States Attorney
District of Hawaii

/s/ Mohammad Khatib
MOHAMMAD KHATIB
Assistant U.S. Attorney

/s/ Melinda Y. Yamaga
MELINDA Y. YAMAGA
Attorney for Defendant
KALANA LIMKIN

APPROVED AND SO ORDERED.

Dated: January 12, 2024, at Honolulu, Hawaii.

Wes Reber Porter
United States Magistrate Judge

United States v. Kalana Limkin
Cr. No. 23-00101-HG
"Stipulated Protective Order"